## ANDREW J. PEARSON v. TRI-STATE TELEPHONE & TELEGRAPH COMPANY.[1]

July 1, 1910.

Nos. 16,646—(190).

**Negligent execution of contract.**

> One who, for a consideration, undertakes to perform services for another, is liable in damages if the same are performed in a negligent manner.

**Verdict sustained by evidence.**

> The evidence is sufficient to sustain the verdict.

Action in the district court for Hennepin county to recover $500 for injury to plaintiff's house. The case was tried before Dickinson, J., and a jury which rendered a verdict in favor of plaintiff for $100. From an order denying defendant's motion for judgment notwithstanding the verdict, it appealed. Affirmed.

*Harlan P. Roberts,* for appellant.

*Freeman P. Lane,* for respondent.

[1]Reported in 126 N. W. 1091.

LEWIS, J.

This action was to recover damages done to respondent's house by the alleged failure of appellant to raise its telephone cable high enough to permit the house to pass under it. Respondent recovered a verdict of $100, and appellant submits that there is no evidence in the record to sustain the verdict.

Respondent bought the house, and desired to have it moved across the street. Appellant's cable was hung in the street upon poles, and request was made upon the representatives of appellant company to raise the cable for the purpose of allowing the house to pass under it. The company undertook to perform such services, and did raise the cable, to the extent of six feet on one side and four feet on the other side. There was evidence tending to show that during the passage of the house the cable scraped along the top of the roof, destroying shingles, and in some degree wrecking the house. Appellant was paid $24 for raising the cable.

We are of the opinion that the request to raise the cable, the undertaking by the appellant to perform the service, and the receipt of the money by it constitute sufficient evidence to justify the conclusion that appellant agreed to perform the work; that is, raise the cable to a height sufficient to enable the house to pass under it without damage. There appears to have been no reason why the cable could not have been raised higher, and the only excuse offered for not doing so was that appellant's representative was told the height of the building from the ground and that he raised the cable accordingly; but the house had been moved up to the street, ready to cross, before the cable was raised, and the proper height to raise it could have been estimated at that time.

Affirmed.